SO ORDERED: July 18, 2007.

_____
Basil H. Lorch III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

| | | |
|---|---|---|
| IN RE: | ) | |
| MARK G. HANSELMAN, | ) | CASE NO. 05-73342-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| PEOPLES TRUST AND SAVINGS BANK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 06-57024 |
| | ) | |
| MARK G. HANSELMAN, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING MOTION TO AMEND**

This matter was initiated by the filing of a Complaint on February 9, 2006, wherein Peoples Trust and Savings Bank ["Peoples Bank"] alleged that its claim should be excepted from discharge pursuant to section 523 of the Bankruptcy Code. Specifically, Peoples Bank alleged that the Debtor, Mark G. Hanselman ["Hanselman"] lied on the Financial Statement that he submitted to Peoples Bank for the purpose of obtaining a loan, and that Peoples Bank relied upon the alleged misrepresentations in approving the loan.

Peoples Bank subsequently filed a Motion to Amend Complaint on June 26, 2006, seeking to add a section 727 claim. Defendant objected to the amendment on July 12, 2006, and filed **Defendant's Brief in Support of Objection to Motion for Leave to File Amended Complaint** on April 16, 2007. The **Plaintiff's Brief in Support of Motion to Amend Complaint** was likewise filed on April 16, 2007.

Procedural History

1. On October 14, 2005, Hanselman filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code, and listed Peoples Bank as a partially secured creditor.

2. On October 28, 2005, the Court issued a Notice which established March 6, 2006, as the deadline for filing a Complaint objecting to dischargeability of debts or to the discharge of debtor.

3. On February 9, 2006, Peoples Bank filed this adversary proceeding, alleging that the debt which is the subject of its claim is excepted from discharge pursuant to 11 U.S.C. 523(a)(2).

4. On March 6, 2006, R. Stephen LaPlante, as Chapter 7 Trustee, filed his Motion to extend the time within which he would be permitted to file an objection to discharge pursuant to 11 U.S.C. § 727 to and including July 6, 2006 (Docket Entry 38). Notice was issued by the Court on March 8, 2006 (Docket Entry 40) describing the Motion as follows:

> A(n) Motion for Extension of Time was filed with the Clerk of this Court on March 6, 2006 by R. Stephen LaPlante, the Chapter 7 Trustee herein. The Trustee seeks to delay debtor's discharge in order to file a Complaint Objecting to Discharge, to and including July 6, 2006.

5. The Trustee's Motion was granted on March 23, 2006, by a docket order (Docket Entry 44) which stated "Motion of Trustee to Extend Time to File Complaint/Delay Discharge Granted. . . . Objections to Discharge by Trustee due by 7/6/2006".

6. The Trustee has successfully petitioned the Court to continue to extend the deadline without interruption to the present time.

7. People Bank did not file a Complaint objecting to the debtor's discharge by March 6, 2006, and did not request an extension of time to file such a complaint.

8. On June 26, 2006, 112 days after the deadline for filing a Complaint objecting to the discharge of the debtor, Peoples Bank filed its Motion for Leave to Amend Complaint to assert a cause of action pursuant to 11 U.S.C. § 727. Hanselman filed his objection on July 12, 2006.

Discussion

Two questions are before the Court: (1) whether the Plaintiff can "piggyback" onto the Trustee's extension of time to file a 727 Complaint objecting to discharge and/or (2) whether the Plaintiff can amend its 523 complaint to add a late claim under 727. The Debtor points out a recent case in which this Court was confronted with a similar situation in *In re Howlett*, Adv. No. 06-57081. In that case, however, the docket order stated broadly that "Motion to Extend Time to File Complaint/Delay Discharge Granted". Due to the apparent ambiguity of the Court's docket order, the Court did, as an equitable accommodation, allow another party to take advantage of the Trustee's extension. That is not the situation in this case. The Trustee's motion and the attendant notice clearly referenced that it was the Trustee's motion that was before the Court. The docket order that granted the extension in the first instance was, likewise, quite clear in that regard. As to the first question, then, the Court would have to answer "no". Other parties may not generally take advantage of the Trustee's motion to extend the deadline for filing complaints objecting to discharge.

If the question, however, is whether the Plaintiff can amend its 523 complaint to add a 727 claim, the issue and resulting analysis is altogether different. In *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005), the Court held that, not only could the bankruptcy court allow the creditor to amend his dischargeability complaint to add a 727 claim, it could allow the amendment post-discharge. The bankruptcy court, after a trial on the merits, ruled that the creditor's particular debts could not be excepted from discharge but allowed the creditor to amend the pleadings to add the 727 claim and found that the debtor had no right to a discharge under that section. In considering whether the amendment was proper, the Seventh Circuit observed that Bankruptcy Rule 4004 is not a jurisdictional rule but is, instead, akin to a statute of limitations, *Id.* at 776 *(citing Kontrick v. Ryan*,

3

540 U.S. 443, 447, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)), and held that the court was "well within its authority" to allow the amendment noting that Rule 15(c) allows an amended pleading to relate back to the date of the original complaint if the claim arises out of the same conduct, transaction or occurrence.

It may be proper to allow the Plaintiff's 727 claim to relate back to the date of the complaint only so long as it was sufficiently linked to the claims raised there. Turning then to its Complaint, Peoples Bank alleges that "Hanselman knowingly made representations described in his Financial Statement with the intent to deceive and defraud Peoples Bank to obtain money, funds or credit from Peoples Bank". In Count II of its Amended Complaint, Peoples alleges in support of its 727 claim, in essence, that if the Debtor told the truth on his Financial Statement, then he lied on his schedules and in his testimony of the 341 meeting of Creditors.

The Court, having reviewed the pleadings and applicable law, and because there is no showing of prejudice to the debtor in allowing the amendment, finds that the alleged 727 claim does arise out of the same conduct, transaction or occurrence, as the existing 523 claim. The Plaintiff's Motion for Leave to Amend is, accordingly, **GRANTED.**

###

Distribution:

Mark Hart Hendrickson
P O Box 307
Boonville, IN 47601

Mark E. Miller
Bowers Harrison, LLP
25 N.W. Riverside Drive
P.O. Box 1287
Evansville, IN 47706-1287

Marilyn Ratliff
123 NW 4th St Ste 304
Evansville, IN 47708

U.S. Trustee
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204